# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2014

Lyle W. Cayce
Clerk

No. 14-50190
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CAROL WATKINS, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:13-CR-176-6

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Carol Watkins, Jr., appeals the sentence imposed following his conviction for conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846. He was sentenced to 165 months of imprisonment and three years of supervised release. He contends that the district court violated Federal Rule of Criminal Procedure

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50190

32(i)(3)(B) and denied him due process by failing to rule on his objection to the drug quantity.

Because Watkins did not raise these claims of error in the district court, review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Jackson*, 453 F.3d 302, 305 (5th Cir. 2006). The district court implicitly determined that a ruling on the drug quantity was unnecessary because it would not affect sentencing. *See* FED. R. CRIM. P. 32(i)(3)(B). Contrary to Watkins's argument, his unadjusted offense level under U.S.S.G. § 4B1.1(b), the career offender Guideline, was 32 because the offense statutory maximum was "20 years or more, but less than 25 years." § 4B1.1(b)(3); *see* § 841(b)(1)(C). Thus, Watkins had the same total offense level and guidelines range under § 4B1.1(b) as calculated in the presentence report under § 2D1.1, the drug trafficking Guideline. Accordingly, the district court complied with Rule 32(i)(3)(B) and did not deprive Watkins of an opportunity to be heard on a material issue or fail to make relevant findings of fact. Further, Watkins cannot show that his substantial rights were affected. *See Puckett*, 556 U.S. at 135. Even if the district court had ruled in his favor on the drug quantity, thus lowering his base offense level under § 2D1.1, Watkins still would have faced the same guidelines range since the higher offense level under § 4B1.1 would have applied. *See* § 4B1.1(b).

The judgment of the district court is AFFIRMED.

2